## Bailey *v.* The State.

The charge of the court on the prisoner's statement, reading it all together, was not erroneous. Nor was any part of the charge complained of, treating it as based on the evidence without reference to the matter set up by the prisoner's statement, incorrect. And there being no request to charge touching the matter of the statement, there was no error in denying a new trial.

August 1, 1892.                              *Judgment affirmed.*

Criminal law. Charge of court. Before Judge Miller. Bibb superior court. November term, 1891.

Conviction of assault and battery; new trial denied. The testimony was as follows:

Jacob Becker: Is a collector. Went to Mollie Neal's house; has been there frequently; has sold goods to all the girls, and if they did not have the money, would go back after it. Sold Marguerite $2.50 worth; she told me to call next day; did so, and went into room up stairs; don't know whether that was Marguerite's room. She and Rosa and Anna and two others (names not known) were in there. Witness had been there about ten minutes; Marguerite had paid what she owed, and he asked some of the others if they could pay theirs; they said, not that day; he said he would call again. Just then the defendant came in and asked Marguerite who that was; she said, a peddler. To the further question, what is he doing here? she replied that he came to collect some money. He said, "Have you paid him?" and she answered, "Yes." He said, "Why don't he go?" She said, "I don't know." He walked up to her and knocked her down, and then knocked Rosa down; she was standing in the door. He then struck witness in

the face, causing his nose to swell and bleed. Witness ran out into the hall, and there the defendant knocked him down and stamped on him with his feet. He then ran off, and witness followed calling the police. Defendant jumped into a buggy, and was pursued for some distance by witness and an officer, and arrested. It is not true that all the girls left the room when he came, and that nobody staid there but him, witness and Marguerite; they were all there till he struck witness and ran him into the hall.

Rosa Cameron: Was in Marguerite's room when defendant came; five girls in there; when he came all the girls left, as we thought he came to see Marguerite. He did not strike her nor push her down, nor did he strike me. Did not see him strike peddler or stamp him. Shortly after leaving Marguerite's room and going to my own, saw the peddler on his elbow in the hall, and defendant standing over him. He got up and ran by me into my room, defendant after him. Saw no blood on him as he passed me going in. Heard screaming in there. He was bloody when he came out. I left room as he came in, as I did not want to see fuss.

According to the defendant's statement, Becker was asked to go, he having been there a quarter of an hour, and Marguerite wishing to speak to defendant privately; he refused to go, saying he had as much business there as defendant had; so defendant took him by the arm and led him to the door, and when they got to the door he started to strike defendant, who thereupon hit him only one blow with his fist, and he ran off crying for the police, etc.

The grounds for new trial are, that the verdict is contrary to law and evidence, and that the court erred in the following charges:

" If you believe under the evidence in the case that

Bailey, the defendant, entered that room and found this man Becker there (it does not matter for what purpose Becker was there in this case), if he found him there and without provocation on Becker's part, either by word or act, he assaulted him as alleged in the indictment, you are authorized to convict him. I charge you further on that branch of the case, that if you believe from the evidence that Bailey entered that room and for any reason proceeded forcibly to eject Becker from that room, taking him by the arm and leading him out or pushing him out, and Becker resisted, he had a right to resist, and if because of that resistance Bailey struck him, assaulted him, that would not be sufficient provocation in the eye of the law.

" The defendant's statement . . is not made under oath; it is not under the sanction of an oath, and therefore is not like the testimony of a sworn witness.

" If you find, in considering this case, there is a conflict in the testimony, reconcile it if you can ; let all the witnesses speak the truth. If you cannot, then you must determine where the credit shall be given, looking to the number of witnesses on the stand, their opportunity of knowing what they testify about, the connection of the witnesses with the case or with the transaction, and any leaning the witness shows one way or the other ; all that you ought to consider in determining which witness is entitled or best entitled to credit.

" The State must satisfy your minds beyond a reasonable doubt; that should be a doubt arising out of the case itself, the evidence, the statement of the defendant, a conflict in the evidence, some deficiency in the evidence, something of that sort to create doubt in your minds.

" If you find the case made out you say, ' We, the jury, find the defendant guilty.' If you believe other-

v 89-48

wise, that he is not guilty, then you use the other form which is, ' We, the jury, find the defendant not guilty.' "

HARDEMAN & NOTTINGHAM, for plaintiff in error.

W. H. FELTON, JR., solicitor-general, *contra.*